UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JAMES MIERS, | ) CV 05-4745 SH<br>) |
| Plaintiff, | ) MEMORANDUM DECISION<br>)<br>) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>) |

## I. PROCEEDINGS

On June 22, 2001 and July 12, 2001 plaintiff James Miers filed a claim for a disability insurance benefits and supplemental security income. The applications were denied. After review by the Administrative Law Judge (ALJ), the claims

were denied on September 11, 2002. The Appeals Council found no basis to grant review of the decision. Miers then sought court review based solely on the issue that the ALJ improperly failed to consider his obesity. On March 10, 2004 the Court remanded the case for consideration of plaintiff's obesity. Exhibit 10B/7.

In compliance with the court order, another hearing was held on March 1, 2005. The ALJ determined that plaintiff retained residual functional capacity to perform his past relevant work as a security guard. A.R. 181. Therefore, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. A.R. 181. This decision was affirmed by the Commissioner.

Plaintiff makes one challenge to the ALJ's determination. Plaintiff alleges that the ALJ's assessed residual capacity does not allow him to perform his prior occupation. For the reasons shown below, the Court finds that the plaintiff's claim of error has merit.

## II. DISCUSSION

Plaintiff asserts that the ALJ erred in finding that plaintiff can perform his past occupation based on the ALJ's assessed residual, because that finding deviated without explanation from the DOT definitions pertaining to the requirements of that occupation. Defendant argues that there was substantial evidence to support the ALJ's finding that the plaintiff was capable of performing his past relevant work as a security guard "either as generally performed or as he actually performed

1  it." A.R. 179-181, 199-201.

3        The ALJ found that plaintiff could perform only occasional pushing, pulling, and reaching with the left upper extremity, up to 1/3 of an eight hour day. A.R. 181. The vocational expert (VE) stated that plaintiff could return to his previous job as a security guard even with the limitations of occasional reaching, and standing and walking for six hours a day. A.R. 57. This statement is a departure from the <u>Dictionary of Occupational Titles</u> (4th rev. ed. 1991), which describes the position of security guard as requiring frequent reaching, from 1/3 to 2/3 of an eight hour day. *See* Exhibit 1.

      The DOT is considered part of the review in Social Security cases. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995); *Light v. Social Sec. Admin.*, 119 F.3d 789, 794 (9th Cir. 1997). The DOT is presumptively descriptive of work in the economy. *Atkins v. Chater*, 70 F.3d 529, 530 (9th Cir. 1995). While the DOT does not render the VE's testimony regarding plaintiff's ability to perform as a security guard completely irrelevant, the ALJ may only rely on the VE's testimony and deviate from the DOT with adequate explanation. *Moncada*, 60 F.3d at 524; *Light*, 119 F.3d at 794 (reversing because "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT).

      Neither the ALJ nor the VE explained their reasons for departing from the

1  DOT. The VE did not even mention that his finding was a departure from the
2  DOT, nor did he give any reasoning for his findings. A.R. 57. The ALJ in the
3  March 1, 2005 hearing, relied on the prior September 11, 2002 decision that
4  adopted the VE's findings. A.R. 180. The ALJ in this prior decision accepted the
5  VE's findings as true and did not discuss any departure from DOT standards or
6  give further reasons for accepting the VE's findings.
7  
8        Additionally the defense argues that even if plaintiff is not able to perform
9  the job as generally performed and described in the DOT, he is able to perform the
10 job as he had actually performed it. As a security guard, plaintiff actually walked
11 or stood for eight hours a day. A.R. 90. In the hypothetical posed to the VE, the
12 ALJ posited limitations of occasional reaching and standing/walking for only six
13 hours a day. A.R. 57. By adopting this hypothetical, the ALJ believed the six hour
14 standing/walking limitation on plaintiff's abilities to be credible, accurate and
15 supported by the medical record. *Gamer v. Secretary of Health & Human Servs.*,
16 815 F. 2d 1275, 1279-80 (9th Cir. 1987); *Jones v. Heckler*, 760 F.2d 993, 998 (9th
17 Cir. 1985); *Gallant v. Heckler*, 760 F.2d 993, 998 (9th Cir.). Therefore, plaintiff is
18 unable to perform the job today as he had actually performed the job in the past.

///

///

## III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405 (g).

DATE: June 6, 2006

                                                  /S/
                                   STEPHEN J. HILLMAN
                         UNITED STATES MAGISTRATE JUDGE